S00A0927. ZELLMER v. THE STATE.
S00A0950. SPICKLER v. THE STATE.
(534 SE2d 802)

HUNSTEIN, Justice.

This is an interim appellate review of a case in which the State seeks the death penalty. Michael Zellmer and Robert Spickler allegedly killed Bruce Belville by striking him on the head during a robbery. Pursuant to the unified appeal procedure for capital felonies, OCGA § 17-10-35.1, we granted their applications for interim appeal to determine whether the trial court erred in ruling that appellants did not have the right to voir dire prospective jurors regarding their willingness to consider both of the non-death sentencing options, life without parole and life imprisonment.

1. Prior to the adoption in 1993 of OCGA § 17-10-31.1, which sets forth a three-tiered sentencing structure for murder that includes life without parole as a sentencing option, this Court allowed trial courts to limit voir dire questioning on the topic of parole because jurors' views on the appropriateness of parole eligibility were "extraneous to [their] ability to serve." *Burgess v. State,* 264 Ga. 777, 780 (3) (450

SE2d 680) (1994); *Davis v. State*, 263 Ga. 5 (7) (426 SE2d 844) (1993). However, pursuant to the enactment of OCGA § 17-10-31.1, juries in capital cases are required to determine the parole eligibility of those defendants who do not receive a death sentence in that subsection (d) obligates the trial court to instruct the jury on the meaning of and differences between life with parole and life without parole and the defendants' parole eligibility under these two alternatives. *Turner v. State*, 268 Ga. 213 (6) (486 SE2d 839) (1997).

OCGA § 15-12-133 authorizes criminal defendants and the State to examine individual jurors concerning "any fact or circumstance indicating any inclination, leaning, or bias which the juror might have respecting the subject matter of the action . . . ." Because determining parole eligibility is part of the subject matter of the sentencing phase of death penalty trials, we hold that criminal defendants and the State are statutorily entitled to examine jurors concerning their inclinations, leanings and biases regarding parole in order to ascertain whether the jurors hold "any prejudices or biases" for or against the possibility of parole that might "seriously impair[ ] [their] performance of [their] duties . . . ." *Turner v. State*, supra, 268 Ga. at 217 (6). However, voir dire examination concerning parole should be limited to jurors' willingness to consider both a life sentence that allows for the possibility of parole and a life sentence that does not. Exposure to the complexities of the future role of the Board of Pardons and Paroles should the sentence allow for the possibility of parole, is not an appropriate matter for voir dire. Likewise, because OCGA § 17-10-31.1 (d) authorizes the trial court to charge the jury on the meaning of life imprisonment without parole and life imprisonment, "the juror[s'] beliefs regarding the *meaning* of those options [are] not a proper subject for voir dire." *Turner v. State*, supra. See *King v. Lynaugh*, 850 F2d 1055, 1060 (5th Cir. 1988).

In light of the foregoing, we conclude that the following voir dire questions are proper:

> (a) If the defendant is found guilty of murder, and it becomes your duty to choose and impose one of the three sentencing options of death, life without parole, and life with the possibility of parole, and you do not feel death is the appropriate sentence, would you automatically choose and impose life without parole, without giving any consideration to a sentence of life with the possibility of parole?
>
> Are you conscientiously opposed to a sentence of life with the possibility of parole for one who has been found guilty of murder?
>
> (b) If the defendant is found guilty of murder, and it becomes your duty to choose and impose one of the three

sentencing options of death, life without parole, and life with the possibility of parole, and you do not feel death is the appropriate sentence, would you automatically choose and impose life with the possibility of parole, without giving any consideration to a sentence of life without parole?

Are you conscientiously opposed to a sentence of life without parole for one who has been found guilty of murder?

2. Because we find a statutory right to examine prospective jurors concerning their willingness to consider a life sentence with the possibility of parole and a life sentence with no parole, we need not address whether that same right would be guaranteed under the Georgia Constitution or the Constitution of the United States. See *Walker v. State*, 944 P2d 762, 770-771 (Nev. 1997) (finding constitutional right to examine jurors concerning their willingness to consider life with possibility of parole); see also *Cross v. State*, 271 Ga. 427 (2) (520 SE2d 457) (1999) (questioning existence of claim for a "life without parole *Witherspoon* violation"); but see *King v. Lynaugh*, supra, 850 F2d at 1060 (refusing to constitutionalize inquiry regarding possible prejudice based on jurors' misconceptions about parole law).

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 11, 2000.

*Marc D. Cella, Jimmy D. Berry, John R. Greco, Mitchell D. Durham*, for appellants.

*Patrick H. Head, District Attorney, Jack E. Mallard, Russell J. Parker, Dana J. Norman, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Allison B. Vrolijk, Assistant Attorney General*, for appellee.